UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Bernard Charles Foster, | ) | C/A No. 7:25-cv-13923-BHH-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Veronica Thacker, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee incarcerated at the Anderson County Detention Center. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings filed in this case for relief and submit findings and recommendations to the district court. For the reasons below, this action is subject to summary dismissal because the Court lacks jurisdiction.[1]

## BACKGROUND

  Plaintiff commenced this action by filing a civil rights Complaint on the standard form seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that, on October 17, 2025, Defendant informed Plaintiff that she had spent Plaintiff's stimulus check in the amount of $3,200. *Id.* at 5. This occurred while Plaintiff was incarcerated at the Lieber Correctional Institution. *Id.* Defendant "was paid to hold" Plaintiff's stimulus check until his release. *Id.* However, Defendant

---

[1] The Court's finding that it lacks jurisdiction does not mean Plaintiff is without a remedy. Plaintiff may be able to bring a claim in the state courts. However, the undersigned makes no assessment herein as to whether Plaintiff may ultimately prevail on any such claim.

1

spent the money for her own personal use. *Id.* For his injuries, Plaintiff contends he is suffering PTSD, depression, and mental health issues as a result of Defendant's conduct. *Id.* at 6. For his relief, Plaintiff asks that the Court order Defendant to pay back the $3,200 stimulus and $1,800 for pain and suffering. *Id.*

## **STANDARD OF REVIEW**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir.

1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief.  *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555.  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must

do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

This action is subject to dismissal because the Court lacks jurisdiction over the claims asserted. Plaintiff purports to bring claims under 42 U.S.C. § 1983. However, as discussed below, Plaintiff has failed to allege facts to support a cognizable § 1983 claim. Liberally construed, the Complaint appears to assert claims that may be cognizable under state law. However, the Court lacks diversity jurisdiction to entertain any state law claims. As such, Plaintiff's recourse for the injury and damages alleged in the Complaint is to pursue his claims in the state court. The Court addresses these issues in turn below.

**Jurisdiction Generally**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a litigant must allege facts essential to show jurisdiction in his pleadings. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). Federal district courts have original jurisdiction over two types of cases: (1) federal question cases and (2) diversity cases. 28 U.S.C. §§ 1331, 1332. For the reasons below, Plaintiff's claims against Defendant do not satisfy the requirements under either federal question or diversity jurisdiction.

**Federal Question Jurisdiction**

Plaintiff has not alleged facts sufficient to establish federal question jurisdiction. Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether the claims in a case "arise under" the laws of the United States, courts apply the "well-pleaded complaint rule," which focuses on the allegations of the complaint. *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)).

As noted, Plaintiff presented his allegations on a standard form Complaint under 42 U.S.C. § 1983, purporting to assert a civil rights claim. Although such claims may be brought in this Court under federal question jurisdiction, Plaintiff's allegations fail to establish any such claim.

### *No Constitutional Violation*

First, Plaintiff does not identify a federal statute or constitutional provision giving rise to his claims. Because Plaintiff has not identified any violation of a right secured by the Constitution or laws of the United States, Plaintiff cannot assert a § 1983 claim.

### *No State Action*

Further, the only named Defendant in this action does not appear to be a state actor. Plaintiff does not identify what relationship Defendant has to Plaintiff and, in any case, he has not alleged facts showing that Defendant is a state actor, which is a requirement for a claim under § 1983. "[Section] 1983 protects against certain conduct by a person acting *under color of state law*." *United States ex rel. Angel v. Scott*, 697 F. Supp. 3d 483, 493 (E.D. Va. 2023) (emphasis added). The conduct necessary to implicate § 1983 "must be 'fairly attributable to the State.' The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (citations omitted). Although a private person may be considered to act under color of state law if he or she is a "willful participant[ ] in joint activity with state officials," a plaintiff seeking to allege such joint activity must plead "more than a naked assertion of conspiracy between a state actor and private parties." *Worthington v. Palmer*, C/A No. 3:15-cv-0410, 2015 WL 7571822, at *5 (E.D. Va. Nov. 24, 2015). Plaintiff "must plausibly allege that [the] [d]efendants acted jointly in concert, and that some overt act was done in furtherance of the conspiracy that resulted in the plaintiff's deprivation of some

constitutional right." *Id.*; *White Coat Waste Project v. Greater Richmond Transit Co.*, 35 F.4th 179, 190 (4th Cir. 2022) ("A person, which includes a corporation, acts under color of state law when they exercise power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (internal quotation marks and citations omitted)).

Here, Plaintiff has not alleged facts showing Defendant is a state actor. *See Booker v. Dollar Gen. Store*, C/A No. 6:23-cv-01037-DCC-JDA, 2023 WL 3998147, at *4 (D.S.C. Apr. 10, 2023) ("Plaintiff has not alleged facts showing that the Dollar General Defendants are state actors or that they were wilful participants in joint action with the police such that they are subject to liability under § 1983."), *R&R adopted by* 2023 WL 3996344 (D.S.C. June 14, 2023). Nor has Plaintiff alleged that Defendant was a willful participant in any activity with state officials. As such, Defendant is not subject to suit under § 1983 and Plaintiff's allegations against Defendant cannot support such a claim.

### *Deprivations of Property Not Cognizable*

Moreover, even if Plaintiff had alleged facts showing Defendant was a state actor, the claim would fail as deprivations of personal property do not support actions for damages under § 1983. *See Baker v. Stevenson*, C/A No. 8:13-cv-466-JFA-JDA, 2013 WL 4866337, at *1 (D.S.C. Sept. 11, 2013). This is so because negligence, in general, is not actionable under § 1983. *See Pink v. Lester*, 52 F.3d 73, 75–78 (4th Cir. 1995); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Section 1983 does not impose liability for violations of duties of care arising under state law as "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989).

The United States Court of Appeals for the Fourth Circuit has held that a random and unauthorized deprivation of personal property by a state official does not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005). Instead, the availability of a state court cause of action for an alleged loss of property provides adequate procedural due process; in other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See Yates v. Jamison*, 782 F.2d 1182, 1184 (4th Cir. 1986) ("[A] government official's random and unauthorized act, whether intentional or negligent, which causes the loss of private property is not a violation of procedural due process when the state provides a meaningful post-deprivation remedy.").

South Carolina law provides post-deprivation procedures to secure the return of personal property or to compensate for the loss. *See, e.g.*, *Drake v. Brown*, C/A No. 6:09-cv-1449-JFA-WMC, 2009 WL 1749375, at *2 (D.S.C. June 22, 2009) (citing *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (finding South Carolina's post-deprivation remedy under S.C. Code Ann. § 15-69-10, *et seq.* sufficient to satisfy due process requirements)); *see also Mosley v. Scarcella*, C/A No. 1:19-cv-1550-RMG-SVH, 2019 WL 4280129, at *2 (D.S.C. June 19, 2019), *R&R adopted by* 2019 WL 3406612 (D.S.C. July 29, 2019). Further, an unauthorized deprivation of property by a state employee, even if *intentional*, "does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available." *Hammond v. Dean*, C/A No. 3:07-cv-654-SB, 2007 WL 3002362, at *2 (D.S.C. Oct. 9, 2007) (citing *Hudson v. Palmer*, 468 U.S. 517 (1984)). Thus, even if Plaintiff could show that Defendant unlawfully took Plaintiff's money, Plaintiff has a remedy under South Carolina law to obtain relief in state court. *See Hudson*, 468 U.S. at 530–36 (holding

that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Mora*, 519 F.3d at 230–31 (finding that the state courts were open to the plaintiff for claims of conversion or trespass to chattels and finding no reason to think that the state process was constitutionally inadequate); *Samuel v. Ozmint*, C/A No. 3:07-cv-178-PMD-JRM, 2008 WL 512736, at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-cv-3392-PMD-GCK, 2007 WL 2288123, at *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate post-deprivation remedies for personal property loss). Because Plaintiff can bring an action in the South Carolina state courts to remedy the loss of his property, any § 1983 claims based on the deprivation of his property fails to state a claim upon which relief may be granted.

For these reasons, the Court does not have federal question jurisdiction over Plaintiff's claims.

**Diversity Jurisdiction**

The Court also does not have diversity jurisdiction under 28 U.S.C. § 1332 to the extent Plaintiff has asserted any viable state law claims. The diversity statute imposes two requirements—complete diversity between the parties and an amount in controversy in excess of $75,000.00. *See* 28 U.S.C. § 1332(a); *Anderson v. Caldwell*, C/A No. 3:10-cv-1906-CMC-JRM, 2010 WL 3724752, at *4 (D.S.C. Aug. 18, 2010), *R&R adopted by* 2010 WL 3724671 (D.S.C. Sept. 15, 2010).

Complete diversity of the parties means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S.

365, 372–74 (1978).  Based on the allegations in the Complaint, both Plaintiff and Defendant are citizens of South Carolina.  Thus, complete diversity is not present.

Additionally, the allegations in the Complaint fail to plausibly establish that Plaintiff's claim for damages meets the statutory amount in controversy.  "[T]he test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'"  *Dixon v. Edwards,* 290 F.3d 699, 710 (4th Cir.2002) (quoting *Gov't Emps. Ins. Co. v. Lally,* 327 F.2d 568, 569 (4th Cir. 1964)).  Here, Plaintiff seeks for his damages a total of $5,000, which falls short of establishing the amount in controversy.  "The amount in controversy requirement is not a procedural nicety; it is a jurisdictional constraint.  And '[c]ourts may not engage in conjecture, speculation, or judicial star gazing to determine jurisdiction.'"  *Brennan v. Stevenson*, C/A No. JKB-15-cv-2931, 2015 WL 7454109, at *6 (D. Md. Nov. 24, 2015).  Here, Plaintiff has failed to allege facts to support the statutory amount in controversy.

For all these reasons, the Court lacks jurisdiction to consider any state law claims asserted and Plaintiff has not alleged facts showing the Court has federal question jurisdiction.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DISMISS** this action for failure to state a claim, without leave to amend, and without issuance and service of process.[2]

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

December 23, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] Leave to amend would be futile for the reasons herein and Plaintiff should therefore not be given an opportunity to file an amended complaint. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018); *Howard v. Sharrett*, 540 F. Supp. 3d 549, 553 (E.D. Va. 2021).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).